IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| JOEY HARPER, | ) |
| Plaintiff | ) |
| v. | ) CASE NO. 4:16-CV-01096-VEH |
| JIMMY HARRIS; et. al, | ) |
| Defendants. | ) |

**PLAINTIFF'S MOTION TO CERTIFY APPEAL AS FRIVOLOUS
(AND OPPOSITION TO ANTICIPATED MOTION TO STAY)**

Plaintiff requests that the Court certify defendant's appeal as frivolous, stating as follows:

1. On February 21, 2019, the Court denied defendant Theakston's motion for summary judgment. [Doc. 54] This Court found disputed issues of material fact that precluded summary judgment. Importantly, though a plaintiff is not required to get the opposing party to admit his or her case, that is essentially what happened here. Though plaintiff submitted national standards and supported them with expert testimony and other evidence, the Court's denial of summary judgment to Theakston was also based on Theakston's admissions in his deposition. [Doc. 54/Pg.54-56] These admissions included the following:

> Dr. Theakston also agreed that a person experiencing seizures as a result of drug withdrawal should have been treated at a hospital. He also agreed that if

he was working in an emergency room, and someone who had experienced Harper's symptoms presented to him, that he would "probably" admit that patient. (Doc. 48-3 at 21(79)). On July 23, 2014, after the Plaintiff had another documented case of non-responsiveness, Dr. Theakston noted that the Plaintiff had begun experiencing altered mental status a few days after being removed from Xanax and Methodone. (Doc. 47 at 17, ¶46; Plaintiff does not dispute). Still, contrary to the Jail's withdrawal treatment policy, which the Defendants admit requires hospitalization under such circumstances, he was not sent to the hospital for treatment of his withdrawal symptoms.

[Doc. 54/Pg.55-56 (footnotes omitted)] Earlier in its opinion, the Court noted, "Dr. Theakston further concedes that '[a]ll patients with an altered mental status should be admitted into the hospital.' (Doc. 48-3 at 10(36))." [Doc.54/Pg.25]

    2.    The Court concluded:

A reasonable jury could find that this it was more than mere negligence which led to Dr. Theakston to not send the Plaintiff to the hospital once the seizures began, and possibly before. There is substantial evidence that Dr. Theakston, knowing full well that the Plaintiff was experiencing severe drug withdrawal symptoms, including seizures, and knowing that due to the Policy he could not treat the Plaintiff with controlled substances, decided, in contravention of the Jail withdrawal treatment policy, against sending him to the hospital and instead treated him with anti-seizure medication.

[Doc. 54/Pg.56-57 (footnotes omitted)]

    2.    Nevertheless, defendant Theakston filed a notice of appeal. [Doc. 55] Because a denial of summary judgment based upon disputed issues of fact is not properly subject to an interlocutory appeal, the Eleventh Circuit lacks jurisdiction to hear defendant's appeal, rendering it frivolous. Accordingly, plaintiff respectfully

requests that Court certify the appeal as frivolous, deny any motion defendant might file for a stay, and proceed to trial.

2. It is well established that an order denying a defendant qualified immunity is subject to an interlocutory appeal **only** if the order "turns on an issue of law." *Mitchell v. Forsyth*, 472 U.S. 511, 530 (1985). Thus, "[w]here the district court has identified facts that it assumed in denying summary judgment," an appellate court "lack[s] jurisdiction to review underlying questions of evidentiary sufficiency." *Blossom v. Yarborough*, 429 F.3d 963, 966 (10th Cir. 2005). A district court has the power to "declare that the appeal [of immunity] is frivolous, and . . . carry on with the case." *Blinco v. Green Tree Servicing, LLC*, 366 F.3d 1249, 1252 (11th Cir. 2004); *see also Behrens v. Pelletier*, 516 U.S. 299, 310-11 (1996) ("This practice, which has been embraced by several Circuits, enables the district court to retain jurisdiction pending summary disposition of the appeal, and thereby minimizes disruption of the ongoing proceedings."); *Arthur Anderson LLP v. Carlisle*, 556 U.S. 624, 629 (2009) ("Appellate courts can streamline the disposition of meritless claims and even authorize the district court's retention of jurisdiction when an appeal is certified as frivolous.").

3. Because defendant's appeal is frivolous and for the purpose of delay only, the Court should certify the appeal as frivolous and deny any motion to stay by

defendant Theakston.

WHEREFORE, plaintiff respectfully requests that the Court certify defendant's appeal as frivolous, deny any motion to stay, and grant him such other and further relief to which he is justly entitled.

                                  Respectfully submitted,

                                  s/ Henry F. (Hank) Sherrod III
Henry F. (Hank) Sherrod III
No. ASB-1200-D63H
HENRY F. SHERROD III, P.C.
119 South Court Street
Florence, Alabama 35630
Phone: 256-764-4141
Fax: 877-684-0802
Email: hank@alcivilrights.com

Attorney for Plaintiff

## CERTIFICATE OF SERVICE

    I hereby certify that on March 21, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel of record.

                                                             s/ Henry F. (Hank) Sherrod III