# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

| | | |
|---|---|---|
| **JOEY HARPER,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO.: 4:16-cv-01096-VEH |
| | ) | |
| **JIMMY HARRIS; MATT MARTIN; ROBERT THEAKSTON; JONATHAN LANGLEY; JOHN SMITH; CHRIS BLACK; and DARLENE HULGAN,** | ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

### DEFENDANT ROBERT THEAKSTON'S OPPOSITION TO PLAINTIFFF'S MOTION TO CERTIFY APPEAL AS FRIVOLOUS (AND OPPOSITION TO ANTICIPATED MOTION TO STAY) AND DR. THEAKSTON'S MOTION TO STAY PROCEEDINGS

COMES NOW Defendant, Dr. Robert Theakston, and hereby respectfully submits this Opposition to Plaintiff's Motion to Certify Appeal as Frivolous (and Opposition to Anticipated Motion to Stay) and Dr. Theakston's Motion to Stay Proceedings.  Plaintiff's Motion is due to be denied, and this case is due to be stayed, as follows:

1. The general rule is that a trial court should stay proceedings once it receives a notice of appeal from a denial of qualified immunity. *See Blinco v. Green Tree Servicing, LLC*, 366 F.3d 1249, 1252 (11th Cir. 2004).  Plaintiff has

preemptively argued that this Court should not apply this rule in this case and instead certify the appeal as "frivolous." The basis for this argument appears to be his assumption that the appeal must be based solely on disputed issues of fact. Had Plaintiff waited until the appeal was docketed on March 25, and the civil appeal statement filed (which is not yet due), he would have discovered that this assumption is incorrect.

2. The primary basis for appeal in this case is this Court's determination as to whether the relevant law was clearly established (Doc. 54, pgs. 61-64), which is the prototypical basis for an appeal of a denial of qualified immunity. *See Behrens v. Pelletier*, 516 U.S. 299, 313 (1996) ("[S]ummary judgment determinations *are* appealable when they resolve a dispute concerning an abstract issue of law relating to qualified immunity – typically, the issue whether the federal right allegedly infringed was 'clearly established.'" (internal citations and quotations omitted) (emphasis in the original)). Specifically, the primary issue proposed to be raised on appeal is as follows:

> Whether it was clearly established that the medical treatment Plaintiff-Appellee, Joey Harper, received while incarcerated was constitutionally inadequate so that any reasonable physician would have been aware that additional treatment, specifically including inpatient treatment for drug withdrawal, was required?

3. There is admittedly an underlying issue of evidentiary sufficiency concerning the extent to which Dr. Theakston was actually aware that Plaintiff's

symptoms were in fact a result of drug withdrawals. The existence of this underlying issue is by no means unusual in an interlocutory appeal of a denial of qualified immunity, and the Eleventh Circuit Court of Appeals has refused to interpret the existence of a factual dispute as destroying appellate jurisdiction. *See, e.g.*, *Perez v. Suszcynski*, 809 F.3d 1213, 1217 (11th Cir. 2016) ("A district court's order denying a defendant's motion for summary judgment on qualified immunity grounds is immediately appealable despite there being disputed issues of fact, unless the *only* issue on appeal is the 'sufficiency of the evidence relative to the correctness of the plaintiff's alleged facts.' *See Koch v. Rugg*, 221 F.3d 1283, 1294 (11th Cir. 2000)." (emphasis in the original)); *Stanley v. City of Dalton, Ga.*, 219 F.3d 1280, 1287 (11th Cir. 2000) (holding that an appellate court may exercise jurisdiction over an underlying issue of fact "because it is part of the core qualified immunity analysis.") To the contrary, the Eleventh Circuit has outlined "two options of how to treat the factual issue," as follows:

> First, we may take the facts that the district court assumed when it denied qualified immunity as a given and address only the pure legal issues in the appeal. Or, we may conduct our own analysis of the facts in the light most favorable to the plaintiff. *See Johnson v. Clifton*, 74 F.3d [1087], 1091 [(11th Cir. 1996)]. We may choose to conduct our own factual analysis either because the district court did not adequately identify the facts or because "such a determination is part of the core qualified immunity analysis." *Id.* Also, as stated in *Johnson v. Clifton*, "even if such a determination were not part of the core qualified immunity analysis, it would be 'inextricably intertwined' with that analysis and within the appellate court's pendent jurisdiction. *Swint v. Chambers County Com'n*, 514 U.S. 35, 45, 115

3

S.Ct. 1203, 1209, 131 L.Ed.2d 60 (1995). *See also Johnson[v. Jones]*, 515 U.S. [304] at 318, 115 S.Ct. [2151] at 2159 [1995]." *Id.* Although we may independently review the record facts, we will not disturb a factual finding by the district court if there is any record evidence to support that finding. *See id.* We, like the district court, must consider the record evidence regarding the defendant's conduct in the light most favorable to the plaintiff.

*Stanley,* 219 F.3d at 1287.

4.  It is worth noting that Plaintiff's seeming refusal to acknowledge the availability of an appeal as of right from this Court's determination on the 'clearly established' prong appears to be consistent with his insistence that qualified immunity is unavailable in a deliberate indifference case. As this Court noted in its Memorandum Opinion and Order, however, "'[w]hether or not [a] Defendant's conduct constituted deliberate indifference' the Plaintiff must still show that the 'law applicable to these circumstances' was clearly established at the time. *Youmans v. Gagnon*, 626 F.3d 557, 562-63 (11th Cir. 2010)." (Doc. 54, pg. 61.) Plaintiff cannot escape this burden merely by pretending that it does not exist.

5.  Plaintiff's contention that this appeal is frivolous is accordingly without merit. Defendant, Dr. Theakston, therefore respectfully requests that Plaintiff's Motion to Certify Appeal as Frivolous be denied, and that all proceedings in this action be stayed pending the outcome of the appeal.

Respectfully submitted this 28th day of March 2019.

          **s/ J. Randall McNeill**
J. RANDALL McNEILL (ASB-4841-E29J)
JAMIE HELEN KIDD (ASB-7661-M76H)
FRED L. CLEMENTS, JR. (ASB-5682-R39C)
Attorneys for Defendant Theakston
WEBB & ELEY, P.C.
7475 Halcyon Pointe Drive (36117)
Post Office Box 240909
Montgomery, Alabama 36124
(334) 262-1850 – T
(334) 262-1772 – F
rmcneill@webbeley.com
jkidd@webbeley.com
fclements@webbeley.com

## CERTIFICATE OF SERVICE

I hereby certify that on this the 28th day of March 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Henry F. (Hank) Sherrod, III, Esquire
HENRY F. SHERROD III, P.C.
Post Office Box 606
Florence, Alabama 35631-0606
hank@alcivilrights.com
*Attorney for Plaintiff*

E. Allen Dodd, Jr., Esquire
SCRUGGS, DODD & BRISENDINE
207 Alabama Avenue Southwest
Fort Payne, Alabama 35968
eadscruggs@farmerstel.com
*Additional Attorney for Robert Theakston*

          **s/ J. Randall McNeill**
          OF COUNSEL

5