IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| JOEY HARPER, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| v. | )    CASE NO. |
| | ) |
| JIMMY HARRIS; MATT MARTIN; ROBERT THEAKSTON; JONATHAN LANGLEY; JOHN SMITH; CHRIS BLACK; and DARLENE HULGAN, | )    4:16-cv-01096-VEH |
| | ) |
|    Defendants. | ) |

## ORDER

The case comes before the Court on the Motion To Certify Appeal as Frivolous, filed by the Plaintiff. (Doc. 58). As noted in the response to the motion

> The basis [for the motion] appears to be [the Plaintiff's] assumption that the appeal must be based solely on disputed issues of fact. Had Plaintiff waited until the appeal was docketed on March 25, and the civil appeal statement filed (which is not yet due), he would have discovered that this assumption is incorrect. . . . The primary basis for appeal in this case is this Court's determination as to whether the relevant law was clearly established [], which is the prototypical basis for an appeal of a denial of qualified immunity.

(Doc. 60 at 2). Assuming that the "primary basis for appeal" is as the Defendants state, they are correct that the appeal is not frivolous. *See, Koch v. Rugg*, 221 F.3d 1283, 1297 (11th Cir. 2000) ("In deciding whether jurisdiction is appropriate in a case where the

interlocutory appeal is based on qualified immunity, we do not consider facts that the parties might prove at trial but whether the government actors' undisputed conduct, analyzed objectively, violates clearly established law.") (citations omitted). Regardless, nothing before the Court at this time demonstrates that the appeal is frivolous. The Plaintiff's motion is **DENIED**.

Furthermore, "[t]he defense of sovereign or qualified immunity protects government officials not only from having to stand trial, but from having to bear the burdens attendant to litigation, including pretrial discovery . . . A district court, therefore, properly stays discovery pending appeal of a denial of immunity." *Blinco v. Green Tree Servicing, LLC*, 366 F.3d 1249, 1252 (11th Cir. 2004) (citing sources). Accordingly, the Court determines that the appropriate course of action is to stay this litigation until the Eleventh Circuit rules on the pending appeal. This action is hereby **STAYED**.

**DONE** and **ORDERED** this the 17th day of April, 2019.

*/s/ VEHopkins*
**VIRGINIA EMERSON HOPKINS**
United States District Judge